# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
### SOUTHERN DIVISION

**FREDERICK EARL BUCKHALTER**                                    **PETITIONER**

**V.**                                    **CIVIL ACTION NO. 1:17CV191 LG-LRA**

**STATE OF MISSISSIPPI; JACQUELYN BANKS,**
**SUPERINTENDENT; MARSHAL TURNER, WARDEN**          **RESPONDENTS**

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Petitioner Frederick Buckhalter filed a petition for federal habeas corpus relief, challenging the computation of his sentences by the Mississippi Department of Corrections ("MDOC"). Respondents move to dismiss the petition for failure to exhaust state court remedies, or alternatively, for lack of merit. Having reviewed the record and all applicable law, the undersigned recommends that the petition be dismissed without prejudice for failure to exhaust available state court remedies as required under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA).

On August 2, 2010, Buckhalter entered a guilty plea to the unlawful possession of a firearm/weapon by a convicted felon in Harrison County Circuit Court Cause No. B2401-2010-181. He was sentenced to serve a term of five years, under the control and supervision of the MDOC, suspended for two years of reporting post-release supervision and the remaining years on non-reporting post-release supervision. On November 25, 2013, the Harrison County Circuit Court revoked Buckhalter's 2010 post-release

supervision.  He was sentenced to time served and his original five-year term, with five years of reporting post-release supervision re-imposed.[1]

On June 29, 2015, Buckhalter was arrested for possession of cocaine with the intent to transfer or distribute a controlled substance.  While in custody, he was found guilty of violating the terms and conditions of his 2010 post-release supervision.  His probation was consequently revoked, and he was sentenced on November 16, 2015, to serve the full five-year term for his 2010 conviction in MDOC custody with credit "for any and all time served as to this charge."  On June 21, 2016, Buckhalter entered a guilty plea to the amended charge of possession of a controlled substance in Harrison County Circuit Court Cause No. B2401-2016-37.  He was sentenced as a habitual offender, to serve a 3-year term, without the possibility of parole or probation.  The sentence was ordered to run consecutively to his five-year sentence.[2]

On August 29, 2016, Buckhalter filed multiple complaints with MDOC's Administrative Remedy Program challenging the computation of his jail time.  The complaints were rejected initially, with instructions to "file each complaint separately."  On January 11, 2017, he filed a second complaint requesting additional credit for time served.  In its First-Step Response, MDOC granted Buckhalter an additional 55 days of jail-time credit.  Believing however, that he had not been fully credited with all the time

---

[1] ECF No.  16-1, p. 4.

[2] ECF No.  15-1—15-6.

to which he was entitled, Buckhalter appealed and received the following step-two response:

> You have already received credit for all of the eligible pre-trial Jail time credit that the Harrison County Jail has submitted on you. You have already received credit from 6/29/15-11/16/15 and you do not qualify for the jail time from 11/17/15 – 6/21/16 due to that is after your initial date of sentence of 11/16/15 and inmates cannot receive any jail time after their date of sentence. Once you are sentenced[,] that is when your [S]tate time begins and pre-trial ends. You have received credit for all eligible jail time.[3]

Aggrieved, Buckhalter filed a "Motion for an Order for Pre-Trial/Pre-Sentence Jailtime" in the Harrison County Circuit Court on May 19, 2017, alleging that the MDOC failed to credit him for time served in pretrial custody and on probation. On July 10, 2017, he filed a "Petition for Writ of Mandamus" in the Mississippi Supreme Court alleging that the lower court had failed to rule on his pending motions to correct a "double jeopardy" error and quash his indictments. Nothing of record indicates that either court issued rulings before Buckhalter filed the instant petition on July 3, 2017.

In response to the motion to dismiss, Buckhalter has filed numerous motions and letters in opposition, alleging that he has "exhausted every avenue available in trying to obtain relief. He specifically asserts that he has completed MDOC's Administrative Remedy Program, and "it is not [his] fault that, between both the Circuit Court and the Mississippi Supreme Court, [that] a disposition has not been reached in the past 11 ½ months . . . ." He also asserts that the Mississippi Attorney General's office has "contributed to the delay of a disposition with their filings and granted extensions."[4]

---

[3] ECF No. 15-7—15-11.

[4] ECF No. 17.

3

The law is well settled.  Applicants seeking federal habeas relief under 28 U.S.C. §
2254 are required to exhaust all claims in state court prior to requesting federal collateral
relief.[5]  *Parr v. Quarterman,* 472 F.3d 245 (5th Cir. 2006).  To satisfy the exhaustion
requirement of § 2254(b)(1), a "habeas petitioner must have fairly presented the
substance of his claim to the state courts." *Smith v. Dretke*, 422 F.3d 269, 276 (5th Cir.
2005). This requires submitting the factual and legal basis of every claim to the highest
available state court for review.  *Carter v. Estelle*, 677 F.2d 427, 443 (5th Cir. 1982), *cert.
denied*, 450 U.S. 1056 (1983).  A habeas petitioner who has failed to exhaust all of his
post-conviction remedies has asserted no cognizable right to federal habeas relief under
section 2254.  *See Murphy v. Johnson*, 110 F.3d 10, 11 (5th Cir. 1997).

Applying these principles here, it was not enough for Petitioner to complete
MDOC's administrative remedy program.  Exhaustion requires him to present his claims
to the state's highest court in order to provide the state courts with a fair opportunity to

---

[5] The exhaustion requirement is contained in Section 2254(b)(1) and provides in part the
following:

(b)(1)    An application for a writ of habeas corpus on behalf of a person in custody
pursuant to the judgment of a State court shall not be granted unless it appears
that—

(A)    the applicant has exhausted the remedies available in the
courts of the State; or

(B)(i)    there is an absence of available State corrective process;
or

(ii)    circumstances exist that render such process ineffective
to protect the rights of the applicant.
. . . .

(c)    An applicant shall not be deemed to have exhausted the remedies available in the
courts of the State, within the meaning of this section, if he has the right under
the law of the State to raise, by any available procedure, the question presented.

consider and pass upon the claims. *O'Sullivan v. Boerckel*, 526 U.S. 838 (1999). By Buckhalter's own admission, his claims have not yet been ruled upon. Until such time, his claims are not fully exhausted and may not be considered by this Court. Because the undersigned so finds, the merits need not be considered. [6]

For these reasons, the Court finds that his petition should be dismissed without prejudice for failure to exhaust available state court remedies.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to Rule 72(a)(3) of the *Local Uniform Civil Rules of the United States District Courts for the Northern District of Mississippi and the Southern District of Mississippi*, any party within 14 days after being served with a copy of this Report and Recommendation, may serve and file written objections. Within 7 days of the service of the objection, the opposing party must either serve and file a response or notify the District Judge that he or she does not intend to respond to the objection.

The parties are hereby notified that failure to file timely written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. 28 U.S.C. § 636, Fed. R. Civ. P. 72(b) (as amended, effective December 1, 2009); *Douglas v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

---

[6] Petitioner does not request that this matter be held in abeyance pending his exhaustion, and the Court finds that no "good cause" has been shown to do so. *See Rhines v. Weber,* 544 U.S. 269, 277 (2005).

Respectfully submitted on May 31, 2018.


s/ Linda R. Anderson
UNITED STATES MAGISTRATE JUDGE