# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

**FREDERICK EARL BUCKHALTER**                        **PETITIONER**

v.                                                    CAUSE NO. 1:17CV191-LG-LRA

**STATE OF MISSISSIPPI;**
**JACQUELYN BANKS,**
**Superintendent; and MARSHAL**
**TURNER, Warden**                                          **RESPONDENTS**

## ORDER ADOPTING REPORT AND RECOMMENDATION AND GRANTING RESPONDENTS' MOTION TO DISMISS

**BEFORE THE COURT** is the [22] Report and Recommendation entered by United States Magistrate Judge Linda R. Anderson in which she recommends that the Court should grant the [15] Motion to Dismiss filed by the respondents, State of Mississippi, Superintendent Jacquelyn Banks, and Warden Marshal Turner. The petitioner Frederick Earl Buckhalter filed an [23] Objection to the Report and Recommendation, and the respondents filed a [24] Response to the Objection. Buckhalter also filed a [25] Reply. After reviewing the submissions of the parties, the record in this matter, and the applicable law, the Court finds that the Report and Recommendation should be adopted as the opinion of this Court and the respondents' Motion to Dismiss should be granted.

## BACKGROUND

On August 2, 2010, Buckhalter pled guilty to unlawful possession of a firearm or weapon, and the Circuit Court of Harrison County, Mississippi sentenced him to five years imprisonment. The court suspended the sentence for two years of

reporting post-release supervision and non-reporting post-release supervision for the remaining years. On November 25, 2013, the court revoked Buckhalter's post-release supervision and sentenced him to his original five-year term, with credit for time served. On June 29, 2015, Buckhalter was arrested for possession of cocaine with intent to transfer or distribute. The indictment was subsequently amended to allege that Buckhalter was a habitual offender and to assert a charge of simple possession. Therefore, the court once again revoked Buckhalter's post-release supervision for the 2010 firearm charge and sentenced him to his original five-year term, with credit for time served as to the firearm charge. The court found that Buckhalter should "be given credit for any and all time served as to this charge." (Resp't Mot., Ex. E, ECF No. 15-5). Buckhalter pled guilty to the charge of possession of a controlled substance, and the court sentenced him as a habitual offender to serve three years imprisonment consecutive to his five-year sentence for the firearm charge.

Buckhalter filed complaints with the Mississippi Department of Corrections' Administrative Remedy Program in which he challenged the MDOC's computation of his term of imprisonment. MDOC granted Buckhalter an additional fifty-five days of credit for time served. Buckhalter appealed, seeking additional credit, but MDOC rejected his appeal. Buckhalter then filed motions that concerned the computation of his sentence in the Circuit Court of Harrison County. On July 3, 2017, Buckhalter filed his habeas petition challenging the computation of his sentence. Buckhalter filed a Petition for Writ of Mandamus, asking the Mississippi

Supreme Court to compel the Circuit Court of Harrison County to rule on his Motions. The Supreme Court dismissed the Petition as moot on April 4, 2018, because the Circuit Court of Harrison County denied Buckhalter's motions on April 3, 2018. Buckhalter filed a Notice of Appeal of the Circuit Court's decisions on April 25, 2018. The appeal remains pending.

On May 31, 2018, Judge Anderson issued a Report and Recommendation proposing that the Court should dismiss Buckhalter's habeas petition without prejudice for failure to exhaust available state court remedies. Buckhalter objects to Judge Anderson's recommendation.

## DISCUSSION

Federal courts are prevented from granting habeas relief unless the petitioner has exhausted available state court remedies. 28 U.S.C. § 2254(b)(1). "Exhaustion requires that a petitioner first present the substance of his federal claims to the highest state court either through direct appeal or by state collateral review procedures." *Hatten v. Quarterman*, 570 F.3d 595, 605 (5th Cir. 2009). In his objection, Buckhalter claims that, in order to exhaust available state remedies, he was required to present his claims to the state courts and was not required to wait for the state courts to adjudicate his claims. However, exhaustion requires "giving the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004). Since the Mississippi appellate courts have not had an opportunity to rule on Buckhalter's

April 25, 2018 Notice of Appeal, Buckhalter has not exhausted his available state court remedies.

Buckhalter also asks the Court to hold his habeas petition in abeyance while he exhausts state court remedies. A stay is only appropriate when there is good cause for the petitioner's failure to exhaust his claims in state court. *Rhines v. Weber*, 544 U.S. 269, 277 (2005). Since Buckhalter failed to demonstrate good cause for failing to exhaust state court remedies, he is not entitled to a stay of his petition.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that the [22] Report and Recommendation entered by United States Magistrate Judge Linda R. Anderson is **ADOPTED** as the opinion of this Court.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that [15] Motion to Dismiss filed by the respondents, State of Mississippi, Superintendent Jacquelyn Banks, and Warden Marshal Turner is **GRANTED**. Buckhalter's petition for writ of habeas corpus is **DISMISSED WITHOUT PREJUDICE**.

**SO ORDERED AND ADJUDGED** this the 24th day of July, 2018.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE